OPINION
The State of Ohio is appealing the decision of the Mansfield Municipal Court granting Appellant Anissa Craft's motion to suppress. The facts giving rise to this appeal are as follows.
The Metrick Drug Enforcement Unit received an anonymous telephone call on December 17, 1997, alleging that adult occupants, at a residence located at 571 Woodville Road, were selling marijuana to juveniles and permitting them to smoke marijuana. The caller specifically referred to Andy Lykins as the perpetrator.
In response to this anonymous call, Detectives Dino Sgambellone, Larry Caudill and Duane Kilgore went to the residence. Upon arrival, Detective Sgambellone approached the front door, opened the screen door and knocked. A young boy, approximately ten or eleven years of age, answered the door. Without identifying himself as a police officer, Detective Sgambellone asked the young boy if Andy was there. The young boy answered "yes" and turned, leaving the door open and walked back a hallway to retrieve Andy.
The three detectives followed the boy into the living room, even though they did not ask the boy permission to enter the residence. Upon entering the living room, the detectives observed, in plain view, a pipe or bong on the table, in the living room. After the detectives entered the residence, Appellant Anissa Craft came around the corner of the hallway and encountered the detectives, who identified themselves as police officers. Upon learning this, appellant asked the detectives to leave the residence. Thereafter, appellant admitted she had marijuana and smoked the substance. Appellant denied several requests by the detectives to consent to a search of the premises. The detectives instructed her to retrieve the marijuana.
Detectives Sgambellone and Caudill followed appellant to retrieve the marijuana. Andy Lykins was found in another room of the residence and brought back to the living room with appellant. Both admitted to using marijuana personally, but denied permitting juveniles to smoke marijuana in the residence. Both appellant and Andy Lykins were arrested on one count of drug abuse and one count of possession of drug paraphernalia. Appellant subsequently filed a motion to suppress on January 30, 1997, contending that the entry into the residence, by the detectives, was unlawful. The trial court conducted a hearing on appellant's motion on February 28, 1997 and April 2, 1997. On June 25, 1997, the trial court filed its judgment entry finding the detectives did not have authorization or consent to enter appellant's residence and therefore, the entry was unlawful and any evidence seized subsequent to the entry should be suppressed.
The State timely filed its notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO SUPPRESS ON THE GROUND THAT THE OFFICERS DID NOT HAVE AUTHORIZATION OR CONSENT TO ENTER THE DEFENDANT-APPELLEE'S RESIDENCE AND THAT THEREFORE ANY EVIDENCE SEEN OR SEIZED SHOULD BE SUPPRESSED.
 I
This Court previously addressed this issue as it pertained to Andrew L. Lykins. For the reasons set forth in City of Mansfieldv. Andrew L. Lykins (Dec. 10, 1997), Richland App. No. 97CA33, unreported, we hereby affirm the trial court's decision.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Reader, J., concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 50
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is affirmed.